Martin v. Deutsche Bank Good morning, first of all I'd like to thank the court for its indulgence about my informal attire. My name is Pearl Zeklapsky from Krauss and Zeklapsky. I represent the appellant in this case, Sean Martin. I've reserved two minutes for rebuttal in this case. This matter has to do strictly with Rule 5 of the Federal Rules of Civil Procedure insofar as it permits email service upon a party or the party's counsel. The court below concluded that Martin, by serving email on November 25 to counsel for Deutsche Bank in connection with his motion to vacate an underlying FINRA arbitration, had failed to comply with the rule. We ask the court to consider the fact that the court below did not consider the entire factual context of this case. Specifically, what the court did not consider was the November 30th email from Deutsche Bank's counsel in which Deutsche Bank affirmatively said that it would accept service. With a condition. With a condition, Your Honor. But our position is that the conditions really should not in any way vitiate the service because unlike serving a complaint in an underlying civil action, Rule 12 of the Federal Arbitration Act specifically says that service can be upon either the party or the party's counsel. Right. But it still says that you can't sue electronically without written consent. So I thought your argument was that they waived that in this email exchange, but the concern is that the waiver was conditional and the condition was not met here. What our argument is is that they not only waived it, but they affirmatively consented because I don't know how you can say that when it's when the acceptance is conditional and the condition is not met. Where would we look for authority to support that conclusion? There isn't, but perhaps I could give the court an analogy and that might be helpful. If we were serving a complaint on Deutsche Bank and we were to go to the appropriate agent or officer of Deutsche Bank and say, here is the complaint, and the person were to say, um, I'm not going to take that unless you agree to give me X. You agree to I do not believe that that would be deemed ineffective service. I understand, but there the service is as required by the rule. Here the problem is that you're saying that electronic service was enough when the rule specifically says electronic service is not enough without consent in writing. You don't have that here, do you? Consent in writing? We believe we have because the rule does not say when you have to get the consent in writing. All right, where's consent in writing whenever it was given? On November 30th, it's page 26 of the appendix, when counsel for Deutsche Bank affirmatively says that it will accept service. I concede, as I must, that there were conditions on it. What we're saying is that those conditions were nullity and that they didn't vitiate the fact that counsel for Deutsche Bank, on whom the FAA section 12 specifically says that we can serve a motion to vacate, affirmatively said that he would accept service. You're talking about A-26? I mean, that appears to be the case. Yes, I'm talking about A-26, where Deutsche Bank's counsel says that Deutsche Bank will accept service of Martin's petition. And your position, as I think it must be, is that that's express consent for purposes of the rule? That's express written consent. But you have no support for that conclusion? We have, when you say we have no support, we have no specific case law because it's just a question of fact, is whether the Court will conclude that that statement by Deutsche Bank's counsel, the counsel on whom we had every right to serve the motion to vacate, constitutes express written consent. The other thing we would ask the Court to consider in this case. Do you have anything that says in any context, contractual, otherwise, a conditional acceptance of anything where the condition is not satisfied is nevertheless consent? We don't have a case citing that other than the analogy that I gave the Court earlier. The problem with that analogy is there, no consent was needed because the service was according to the rule. Here, you need consent for this electronic service, and what you've got is a consent on a condition. And I'm asking you whether you have any authority to say that when the service requires consent, which in your analogy it did not, that if the consent is conditional and the condition is not satisfied, that's good enough. We don't have— I don't think you can. I don't think you can have that. We don't have a case, but, Your Honor, what we'd like you to consider is, first of all, in the email, Deutsche Bank's counsel did not say, we're not taking email service. You need express consent, so express contemplates that it's clear, that there's no question, but that this is consent. That's what the rule requires. Okay. And what the rule also require—well, the rule does require consent. He didn't—what we're saying is he waived that consent by agreeing to accept service. And I also would add that Deutsche Bank's counsel went on to say that he wanted more time to respond to the motion to vacate. If, in fact, he wanted more time to respond to the motion, clearly he'd accepted service, because what else would he be asking for time to respond to? There is another— Was the condition ever met? Was the condition ever met? We never objected to the request for additional time. Mr. Taylor, did you come back and say, we agree to give Deutsche Bank 90 days from today? No, we did not. So the condition was never met? That's right. In fact, counsel affected personal service a few days after that. That was—if you look at the email that the court focused on below, it was clear that counsel misconstrued the nature of the service in this case. And what we're asking, given the facts that, therefore, that happened thereafter, that our client should not be prejudiced by the fact that, in fact, service was made, there was no dispute about the fact that Deutsche Bank's counsel received it on a timely basis, that Deutsche Bank's counsel never objected to it, and, in addition—my time is up, but I've reserved two minutes for rebuttal. All right. Thank you very much. We'll hear from your adversary. May it please the Court, Scott Raby from Saifar Shah on behalf of Deutsche Bank. Your Honors, there are two bases for dismissal of this appeal. First, there's an argument on the merits, and we submit that we win on that argument. But the Court need not even address the merits of this case or merits of the appeal that's been presented before it because the issues on appeal have not been preserved. The obligation for a party to preserve an issue for appeal is to first argue that issue in the lower court. And plaintiff never argued the issue that's been presented here, which is whether e-mail service was effective under the federal rules of civil procedure. Before the district court, after we moved to dismiss, plaintiff's response was that they submitted that all that is required is that notice, some type of notice, be provided and that they satisfy that notice requirement effective with the November 25th e-mail. In our reply, we clarified that that was not the case, that notice is not what is required in the law, that, in fact, service is what is required in the law, and that there was no service effective until December 4th, 2015, which all parties concede here is untimely service. So as I understand it, before the district court, your adversary put in a brief that stated that the November 25th e-mail constitutes time, constitutes times insufficient compliance with the FAA. Why isn't that a preservation of the fundamental argument that we just heard? Because that's one quote pulled from the opposition, but the entire brief focuses on the fact that service is not required. That's argued at length and that all that is required is notice. There was never an argument made that the November 25th e-mail constituted adequate service, and there certainly was never an argument made that the November 25th e-mail constituted adequate service under the federal rules, under Rule 5. So the court need not even address the issue that's been presented for appeal, but since that's what's been discussed, I'd like to turn to that as well. The court need not really look beyond the November 25th e-mail to determine that there has been no written consent to electronic service in this case. The e-mail says, Pearl is traveling and asked me to forward to you and inquire whether you will accept service for Deutsche Bank. The question is being asked, will you accept service? So it's clear as of the time that this e-mail is being written that there has been no prior written consent to service, and in this case plaintiff is asking specifically whether written consent will be provided. And the response is, sure, we'll accept electronic service provided plaintiff will agree that defendants have 90 days to respond to the motion to vacate. As plaintiff has conceded, that condition was never met. The response, although this is not in the record below, the response was no, that's not something we'll agree to, and they went ahead and served on December 4th in an untimely fashion. So now plaintiff argues that the e-mail should, argues for the first time that the e-mail should constitute effective service and says, well, there isn't an outright rejection. As your honors have already noted, an outright rejection is very, the lack of an outright rejection is very different from express consent. They next argue that, well, there's this condition that's unlawful or an illegal condition that's been attached to the provisional acceptance. This is a type of condition that I use regularly in my practice. I'm aware of no, I'm aware of no court that's ever said it's unlawful to say, hey, we'll accept service. We do this with complaints on a regular basis. As counsel, we will waive formal service of a complaint and say we need 60 days, we need 90 days to answer the complaint. Will you consent to that? And if there's a consent, then there's no formal service that's required in this I believe the regular practice in the courts for such conditions to be added. But in any event, even if it was an unlawful condition that's been attached to the conditional acceptance, that wouldn't make the acceptance valid. If there's some type of unlawful consideration in a contract, the contract is not valid. You don't have the It's a harsh result. I mean, you're, you did get the papers in a timely fashion. Well, the FAA has a very strict, stringent requirement that service be effectuated within 90 days. Courts have looked at this question over and over whether there can be exceptions to this rule. Like there are exceptions often made in connection with discovery issues. So for instance, if plaintiff had served interrogatories late in a case, the court has the discretion to make an exception. But the courts, the second, this, this court and courts throughout the Southern District have found time and time again that the language in the FAA is too strict and stringent to allow for these types of exceptions. And finally, plaintiff's argument is that there's a course of conduct that had been established in the underlying FINRA arbitration that should result in a finding now that there is an implied express consent to electronic service. Plaintiff's own case, Dash, soundly refutes this point that, that the course of conduct can establish an express consent. And all the courts that have addressed this question have found the same, that course of conduct does not constitute express consent. And in any event, even if it advisory notes say that anyway, explicitly, they say what advisory notes say that explicitly that you can't imply consent from conduct. Exactly. And every case that's addressed it since has found the same thing. But even if you could, the course of conduct that was established in a separate arbitration before FINRA and arbitration where the, the rules, the discovery that the correspondence back and forth is far more and far more informal than they are in a litigation before a federal court, that course of conduct should not then be transferred over to subsequent actions, especially the initiation of a subsequent action in a far more formal setting. Finally, going back to the original waiver argument, I just want to say that there's an exception to the waiver argument, which is whether there's been a manifest injustice. And plaintiff can't show in this case that she's, or that he has experienced any manifest injustice by, um, by a finding that this argument has been waived. Um, there was nothing that prevented plaintiff from making this argument in the opposition papers that were submitted in response to the motion to dismiss. Um, no argument has been made why this argument was not waived at a, uh, was not raised at a previous time. Um, so I, that's, that's all I have to say. If you have any questions, I'd be happy to address those. Thank you very much. You're welcome. Mr. Kluski, you reserved some time for rebuttal. First of all, to be directly responsive to Judge, uh, Chin's question about whether, in fact, Deutsche Bank's counsel received those papers in a timely fashion, there's no dispute that, in fact, they did. They've never denied it. Well, it may be a harsh result, but you're really asking us to ignore the rule. No, we're not asking you to ignore the rule, Judge. Um, what we are asking you to do is adopt our interpretation of the rule. And I'd like to give you some rationale to be able to do that. First of all, um, prior to ending his argument, Mr. Raby mentioned manifest injustice. Manifest, there's a FINRA arbitration, underlying FINRA arbitration where our client alleged that he was retaliated against for reporting squawk box abuse by the bank. This is a critical question, not only an individual issue for our client, but an issue of public interest and the integrity of banking. So there is a larger context here. The other thing that Mr. Raby said that I'd like to respond to, he was mentioning that this motion to dismiss in the district court was a separate issue. What our position is, it was just a different form. This isn't a proceeding that was begun by a service of the complaint. This was not something new. This was a continuation, an inherent part of FINRA arbitration. Now, during that arbitration, as we put in the record, we routinely served everything by email. We understand that the advisory notes say that course of conduct cannot be used as a rationale, but it doesn't say what the course of conduct is. For example, our firm routinely deals with SafeHeart on a lot of matters. We email back and forth with Mr. Raby and many of his colleagues at SafeHeart. That could be what course of conduct means. Or would course of conduct mean repeated use of emails to serve documents without any objection by the other party, and then at some point in time, using the electronic requirement of consent in writing as a gotcha? Right. But the commentary, which doesn't seem to favor you, is in any event not the rule. The rule requires express written consent to electronic service of a document saying you want, you're going to seek vacator of the arbitral decision. Yes. The comment, I have two remarks very quickly. The first is that I think I've repeatedly said why we think there was express consent. However, the other thing that the commentary says that I think is important for this Court is the reason that they put these requirements in the rule was because in 2001, when the rule was drafted, they specifically said they could not assume universal usage of email by all of practitioners. That's an application to the committee to change the rule. Until that happens, the rule stands. All right. Thank you very much. We'll take the matter under advisement.